IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02111-REB-KLM

MARGUERITE E. BAIN,

      Plaintiff/Counterclaim Defendant,

v.

UNITED STATES DEPARTMENT OF THE TREASURY - INTERNAL REVENUE
SERVICE, and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER
OF THIS ACTION,

      Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION,

      Third-Party Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **United States' Motion for Default Judgment Against Counterclaim Defendant KeyBank National Association** [Docket No. 30; Filed November 19, 2012] (the "Motion"). The Motion is referred to this Court for recommendation [#31]. In the Motion the United States Department of the Treasury (the "United States") seeks entry of default judgment against KeyBank National Association ("KeyBank") under Fed. R. Civ. P. 55(b)(2). No response has been filed to the Motion. The Court has reviewed the Motion, the entire case file, and the applicable law, and is fully advised in the premises. Accordingly, for the reasons set forth below, the Court

1

**recommends** that the Motion be **granted**.

## I.  Factual and Procedural Background

On June 27, 2012, Plaintiff filed a quiet title action in state court which was removed to this Court by Defendant United States. *See Notice of Removal* [#1] at 1.   The real property that is the subject of this action is located at 121 North Whitcomb Street, Fort Collins, Colorado 80521 (the "Subject Property"). *Compl.* [#3] at 3; *Am. Answer and Counterclaim* [#6] at 11.   In her Complaint, Plaintiff seeks a decree quieting title and a declaratory judgment "providing that all redemption periods pertaining to the Subject Property have expired." *Compl.* [#3] at 5.   In its Counterclaim Defendant United States seeks a declaratory judgment stating that its tax liens were not extinguished, are  senior to Plaintiff's interests in the Subject Property, and are senior to KeyBank's interests in the Subject Property. *Am. Answer and Counterclaim* [#7] at 13-16.   The United States also seeks to foreclose federal tax liens against the Subject Property. *Id.* at 16-17.

There is no dispute that Plaintiff holds record title to the Subject Property. *See Compl.* [#3] at 3; *Am. Answer and Counterclaims* [#7] at 4.   The parties' disagreement centers around a federal tax lien dated June 1, 2010 and recorded in Larimer County, Colorado on June 8, 2012 (the "Tax Lien") and a Treasurer's Deed issued by Larimer County, Colorado on February 24, 2012 (the "Treasurer's Deed"). *Compl.* [#3] at 3.   The United States claims its Tax Lien is senior to Plaintiff's Treasurer's Deed. *Am. Answer and Counterclaims* [#7] at 15.   Plaintiff argues that her interest in the Subject Property is senior to all other claims, including the Tax Lien. *Compl.* [#3] at 4.

In the United States' Motion it seeks entry of a default judgment against KeyBank. The United States "named KeyBank as a Counterclaim Defendant in this matter solely to

fulfill the requirements of 26 U.S.C. § 7403(b) . . .” *Motion* [#30] at 2.  KeyBank has not

filed a response, nor has any other party to this action.  Service of process upon KeyBank

was completed on September 11, 2012. *See Aff. of Service* [#23].  On October 23, 2012

the Clerk of the Court entered default as to KeyBank. *See Entry of Default* [#27].  No

response has been filed.

## II. Analysis

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to

appear or otherwise defend the case brought against it.  However, even after an entry of

default, the Court must decide “whether the unchallenged facts create a legitimate basis

for the entry of a judgment.”  *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-

LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted).  “[A] party

is not entitled to a default judgment as of right; rather the entry of a default judgment is

entrusted to the ‘sound judicial discretion’ of the court.”  *Id.* at *2 (quoting *Cablevision of S.

Conn., Ltd. P’ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Pursuant to Fed. R. Civ. P. 55(b), in considering the Motions, the decision to enter

default judgment is “committed to the district court’s sound discretion . . .” *Olcott v. Del.

Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting omitted).  When exercising that

discretion, the Court considers that “[s]trong policies favor resolution of disputes on their

merits.” *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation and

citation omitted).  “The default judgment must normally be viewed as available only when

the adversary process has been halted because of an essentially unresponsive party.” *Id.*

It serves to protect a plaintiff against “interminable delay and continued uncertainty as to

his rights.” *Id.* at 733.

A.      **Jurisdiction**

In determining whether the entry of default judgment is warranted here, the Court must first consider whether the Court has subject matter and personal jurisdiction.  *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).  The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

1.      **Subject Matter Jurisdiction**

United States removed this action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444 because an agency of the United States was named as a defendant and the case was brought pursuant to 28 U.S.C. § 2410 as an action affecting title to property on which the United States' claims a lien. *Notice of Removal* [#1] at 2.  Further, 26 U.S.C. § 7403(a) authorizes the United States to enforce a federal tax lien. 26 U.S.C. § 7403(a).  In addition, under federal law the United States is required to name as parties in any such action all persons who have liens upon or claim an interest in the property involved to give them an opportunity to assert a claim. *See* 26 U.S.C. § 7403(c).  Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff seeks a declaratory judgment that her interests in the Subject Property are senior to the United States' tax lien; as a result, the action was properly removed to this Court by the United States pursuant to 28 U.S.C. § 1444. *Compl.* [#3] at 4.  Therefore, the action arises under the laws of the United

States, and the Court may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

### 2.      Personal Jurisdiction

The Court must first address the adequacy of service of process. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). In the United States' Motion it seeks entry of a default judgment against KeyBank.  On September 12, 2012, the United States filed an Affidavit of Service demonstrating that a private process server personally served a branch manager at KeyBank who confirmed at the time of service that he was authorized to accept service for KeyBank. *See Aff. of Service* [#23] at 1-2.  The Court is satisfied that the United States has used due diligence in serving KeyBank.

Regarding personal jurisdiction, the movants "need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773.  As alleged in the pleadings, the Subject Property is located in Colorado and Plaintiff resides in Colorado.  *Compl.* [#3] at 3; *Am. Answer and Counterclaims* [#7] at 2, 10.  KeyBank is an Ohio-based banking institution which conducts business in Colorado. *Am. Answer and Counterclaims* [#7] at 11; *see also Aff. of Service* [#23] at 1-2.  Therefore, the Court is satisfied that it may exercise personal jurisdiction in this matter.

### B.     Entry of Default

As a threshold issue, the Court examines whether default was entered properly in this case against KeyBank.  The United States "named KeyBank as a Counterclaim Defendant in this matter solely to fulfill the requirements of 26 U.S.C. § 7403(b) . . ."

*Motion* [#30] at 2.  Service of process upon KeyBank was completed on September 11, 2012. *See Aff. of Service* [#23].  On October 23, 2012 the Clerk of Court entered default as to KeyBank. *See Entry of Default* [#27].  No response has been filed.  Accordingly, the Court finds that the entry of default against all Defendants was proper.

## C.    Default Judgment

After confirming the propriety of the entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted).  "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection.'"  *In Re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir.1970)).

"[A] party is not entitled to a default judgment as of right; rather the entry of default judgment is entrusted to the 'sound judicial discretion' of the court."  *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).  Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation.  The Court deems the well-pled facts (as opposed to merely conclusory statements) of the

Complaint in this matter to be true. *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.*

Internal Revenue Service (the "IRS") has been authorized by Congress to collect outstanding federal tax liabilities. *See* 26 U.S.C. §§ 6321, 6322, 6331(a). Pursuant to 26 U.S.C. § 7401, the IRS may authorize the Department of Justice to institute proceedings seeking to collect or recover federal taxes, and 26 U.S.C. § 7403(a) authorizes the United States to enforce a federal tax lien created by a taxpayer's failure to pay tax against any property in which the taxpayer has any right, title, or interest. Section 7403(c) requires the United States to name as parties in any such action all persons who have liens upon or claim an interest in the property in order to give them an opportunity to assert a claim. Section 7403(c) further states that in such a proceeding "[t]he court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property . . ." 26 U.S.C. § 7403(c).

In preparation of its Amended Answer and Counterclaims, the United States performed a title search. *Motion* [#30] at 5. At that time the United States discovered that KeyBank had a lien on the Subject Property prior to its purchase by Plaintiff. *Am. Answer and Counterclaims* [#7] at 16. In order to clear title, the United States named KeyBank as a third-party defendant. *Motion* [#30] at 5. KeyBank has never responded to the counterclaim against it nor appeared in this matter in any way.

The Court is mindful that a "default judgment serves to protect a [party] against 'interminable delay and continued uncertainty as to [its] rights.'" *U.S. v. Gunnison Alpine*

*Constructors, Inc.*, Civil Action No. 08-cv-02568-PAB-BNB, 2010 WL 965310, at *1 (D. Colo. Mar. 15, 2012) (quoting *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).  The Court finds that the United States is entitled to such protection in this case.  In the more than six months since the Clerk of the Court entered default against KeyBank, KeyBank has not sought relief from the entry of default nor has it attempted to participate in this litigation in any way.  Without KeyBank's participation, the parties are unable to move forward.  KeyBank "will not be permitted to sit out the litigation to the detriment of" the parties. *Gunnison*, 2010 WL 965310, at *1 (citing *Cessna Fin. Corp. V. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983)).  Accordingly, the Court **recommends** that **default judgment** be entered in favor of the United States and against KeyBank and that upon entry of judgment, any and all interest KeyBank has in the Subject Property be extinguished.

### III.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#30] be **GRANTED** and that **DEFAULT JUDGMENT** be entered in favor of the United States and against KeyBank and that upon entry of judgment, any and all interest KeyBank has in the Subject Property be extinguished

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 26, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge