IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02111-REB-KLM

MARGUERITE E. BAIN,

    Plaintiff/Counterclaim Defendant,

v.

UNITED STATES DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

    Defendants/Counterclaimants/Third-Party Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION,

    Third-Party Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Plaintiff's Motion for Default Judgment** [Docket No. 52; Filed May 21, 2013] (the "Motion"). The Motion is referred to this Court for recommendation [#54]. In the Motion the Plaintiff seeks entry of default judgment against "all unknown persons who claim any interest in" certain real property ("Unknown Persons") pursuant to Fed. R. Civ. P. 55(b)(2). *Motion* [#52] at 1. No response has been filed to the Motion. The Court has reviewed the Motion, the entire case file, and the applicable law, and is fully advised in the premises. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

1

## I. Factual and Procedural Background

On June 27, 2012, Plaintiff filed a quiet title action in state court which was removed to this Court by Defendant United States. *See Notice of Removal* [#1] at 1. The real property that is the subject of this action is located at 121 North Whitcomb Street, Fort Collins, Colorado 80521 (the "Subject Property"). *Compl.* [#3] at 3; *Am. Answer and Counterclaim* [#6] at 11. In her Complaint, Plaintiff seeks a decree quieting title and a declaratory judgment "providing that all redemption periods pertaining to the Subject Property have expired." *Compl.* [#3] at 5. In its Counterclaim Defendant United States seeks a declaratory judgment stating that its tax liens were not extinguished, are senior to Plaintiff's interests in the Subject Property, and are senior to KeyBank's interests in the Subject Property. *Am. Answer and Counterclaim* [#7] at 13-16. The United States also seeks to foreclose federal tax liens against the Subject Property. *Id.* at 16-17.

There is no dispute that Plaintiff holds record title to the Subject Property. *See Compl.* [#3] at 3; *Am. Answer and Counterclaims* [#7] at 4. The parties' disagreement centers around a federal tax lien dated June 1, 2010 and recorded in Larimer County, Colorado on June 8, 2012 (the "Tax Lien") and a Treasurer's Deed issued by Larimer County, Colorado on February 24, 2012 (the "Treasurer's Deed"). *Compl.* [#3] at 3. The United States claims its Tax Lien is senior to Plaintiff's Treasurer's Deed. *Am. Answer and Counterclaims* [#7] at 15. Plaintiff argues that her interest in the Subject Property is senior to all other claims, including the Tax Lien. *Compl.* [#3] at 4.

On November 19, 2012, Defendant United States filed a Motion for Default Judgment Against Counterclaim Defendant KeyBank National Association [#30]. On April 26, 2013, the undersigned recommended that Defendant United States' motion be granted

[#48]; the District Judge adopted the Recommendation on May 20, 2013 [#51].

On November 29, 2012, Plaintiff filed her Unopposed Motion for Publication [#32] requesting an order "permitting service by publication to serve all unknown persons who may claim any interest in the subject matter of this action." *Motion for Publication* [#32] at 2. Plaintiff's Motion for Publication was granted on December 3, 2012 [#34], with a summons issuing the same day [#35]. On February 15, 2013, Plaintiff filed her Motion for Default Judgment [#39] requesting the same relief sought by the instant Motion. However, that motion was denied without prejudice for failure to seek entry of default pursuant to Federal Rule of Civil Procedure 55(a) prior to filing a motion for default judgment pursuant to Rule 55(b). *Order* [#46] at 1. As a result, on May 2, 2013, Plaintiff filed her Request for Entry of Default [#49], seeking entry of default against Unknown Persons. On May 17, 2013, the Clerk of the Court entered default as to Unknown Persons [#50]. Following entry of default, Plaintiff filed the instant Motion [#52].

## II. Analysis

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, even after an entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Pursuant to Fed. R. Civ. P. 55(b), in considering the Motion, the decision to enter

3

default judgment is "committed to the district court's sound discretion . . ." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation and citation omitted). Further, "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id*. It serves to protect a plaintiff against "interminable delay and continued uncertainty as to [her] rights." *Id*. at 733.

**A.     Jurisdiction**

In determining whether the entry of default judgment is warranted here, the Court must first consider whether the Court has subject matter and personal jurisdiction. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

**1.     Subject Matter Jurisdiction**

Defendant United States removed this action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444 because an agency of the United States was named as a defendant and the case was brought pursuant to 28 U.S.C. § 2410 as an action affecting title to property on which the United States claims a lien. *Notice of Removal* [#1] at 2. Further, 26 U.S.C. § 7403(a) authorizes the United States to enforce a federal tax lien. 26 U.S.C. § 7403(a). Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in

pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff seeks a declaratory judgment that her interests in the Subject Property are senior to the United States' tax lien; as a result, the action was properly removed to this Court by the United States pursuant to 28 U.S.C. § 1444. *Compl.* [#3] at 4. Therefore, the action arises under the laws of the United States, and the Court may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

### 2. Personal Jurisdiction

Before analyzing personal jurisdiction, the Court must first address the adequacy of service of process. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). In the Motion Plaintiff seeks entry of a default judgment against Unknown Persons. On December 3, 2012, the Court granted Plaintiff's request for an order authorizing service by publication. *Order* [#34] at 1. Plaintiff filed an Affidavit of Publication demonstrating that notice to Unknown Persons was published in the *Fort Collins Coloradoan* on five non-consecutive days during the period December 13, 2012 to January 10, 2013. *See Aff. of Publication* [#52-1] at 1.

The Court is satisfied that notice by publication as conducted here is sufficient service in an *in rem* proceeding to quiet title such as the case at hand. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that notice by publication was constitutional as to trust accounts for which the names of all owners

were not known). Of course, "process which is a mere gesture is not due process," but "where conditions do not reasonably permit [personal] notice, [and] the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes," such notice may be defended because it is "reasonably certain to inform those affected . . ." *Id.* at 315. Where as here, "it is not reasonably possible or practicable to give more adequate warning," because Plaintiff seeks to provide notice to "persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Id.* at 317 (citing *Cunnius v. Reading Sch. Dist.*, 198 U.S. 458 (1905); *Blinn v. Nelson*, 222 U.S. 1 (1911); and *Jacob v. Roberts*, 223 U.S. 261 (1912)); *see also In re Read*, 221 F.3d 1352, at *2 (10th Cir. July 14, 2000) (unpublished table decision) (finding that notice by publication was constitutional with regard to default judgment entered against former husband in divorce proceeding requiring him to pay child support when whereabouts of husband where unknown).

Regarding personal jurisdiction, the movants "need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773. As alleged in the pleadings, the Subject Property is located in Colorado and Plaintiff resides in Colorado. *Compl.* [#3] at 3; *Am. Answer and Counterclaims* [#7] at 2, 10. Therefore, the Court is satisfied that it may exercise personal jurisdiction in this matter.

**B.     Entry of Default**

As a threshold issue, the Court examines whether default was entered properly in this case against Unknown Persons. Plaintiff seeks a default judgment against Unknown

Persons in order to "extinguish any interest they may have in the Subject Property" in order to quiet title. *Motion* [#52] at 3. Service of process by publication upon Unknown Persons was completed on January 10, 2013. *See generally Aff. of Publication* [#52-1]. On May 17, 2013, the Clerk of the Court entered default as to Unknown Persons. *See generally Entry of Default* [#50]. No response has been filed. Accordingly, the Court finds that the entry of default against Unknown Persons was proper.

**C.    Default Judgment**

After confirming the propriety of the entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted). "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.'" *In Re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir.1970)).

"[A] party is not entitled to a default judgment as of right; rather the entry of default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, assuming default was properly

7

entered, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.*

Here, Plaintiff seeks to quiet title to the Subject Property so Plaintiff and Defendant can continue with this litigation without fear that a third party will later claim a right to the Subject Property after adjudication of the dispute between the parties. In the more than five months since notice was published in the *Fort Collins Coloradoan*, no party has come forward to claim an interest in the Subject Property. In such a case, a default judgment against any such unknown person is appropriate. *See, e.g., Barker v. Bd. of Cnty. Com'rs of Cnty. Of La Plata, Colo.*, 24 F.Supp.2d 1120, 1123 (D. Colo. 1998) (noting that the Court previously entered a default judgment against individuals and "all unknown persons who claim any interest in the subject matter of this action" declaring that they "have no right, title, or interest in the real property that is the subject of this quite title action.") (internal quotations omitted). While the Court is mindful that "[t]he preferred disposition of any case is upon its merits and not by default judgment," *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970), here, no party has come forward in response to the published notice and the parties desire to resolve their dispute regarding the Subject Property on the merits. Further, a "default judgment serves to protect a [party] against 'interminable delay and continued uncertainty as to [its] rights.'" *U.S. v. Gunnison Alpine Constractors, Inc.*, Civil Action No. 08-cv-02568-PAB-BNB, 2010 WL 965310, at *1 (D. Colo. Mar. 15, 2012) (quoting *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). The Court finds that

Plaintiff is entitled to such protection in this case. Accordingly, the Court **recommends** that **default judgment** be entered in favor of Plaintiff and against Unknown Persons and that upon entry of judgment, any and all interest Unknown Persons have in the Subject Property be extinguished.

### III. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#52] be **GRANTED** and that **DEFAULT JUDGMENT** be entered in favor of Plaintiff and against Unknown Persons and that upon entry of judgment, any and all interest Unknown Persons have in the Subject Property be extinguished

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 10, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge